IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WALTER NEWELL RANSOM § | |
| AND GALE ELIZABETH RANSOM, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 3:13-CV-4642-L-BK |
| § | |
| NATIONAL CITY MORTGAGE CO. § | |
| D/B/A Commonwealth United § | |
| Mortgage Company, § | |
| § | |
| Defendant. § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to United States District Judge Lindsay's *Standing Order of Reference* [Doc. 7], this case has been referred to the undersigned for pretrial management. The Court now considers *Defendant's Motion to Dismiss* [Doc. 4], and *Plaintiff's Objection to Defendants Notice of Removal and Motion to Remand* [Doc. 9]. For the reasons that follow, it is recommended that Plaintiffs' motion to remand be **DENIED** and Defendant's motion to dismiss be **GRANTED**.

## I. PROCEDURAL HISTORY

On June 17, 2013, Plaintiffs filed a *Verified Complaint* in state court against Defendant which, when liberally construed, alleges fraudulent inducement and misrepresentation and seeks to quiet title, all in connection with the foreclosure of Plaintiffs' home located at 710 Lochness Lane, Garland, Texas ("the Property"). [Doc. 1-1at 2]; *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (providing that courts should liberally construe *pro se* pleadings). In essence, Plaintiffs contend they were fraudulently induced to execute the Deed of Trust to secure the mortgage loan by Defendant's misrepresentation that it was supplying the funds to be loaned. [Doc. 1-1 at 4-6]. Plaintiff alleges that, as a result of Defendant's fraud, "the promissory note, purported DEED OF

TRUST and other loan documents signed by 'PLAINTIFFS' have no legal force or binding effect, and the same in fact are null and void." *Id*. at 6. They request the Court to declare that they "own absolute and are entitled to the quiet and peaceful possession of the Property" and that Defendant has no interest. *Id.* at 6-7.

On November 20, 2013, Defendant removed the case to this Court based on diversity jurisdiction. [Doc. 1, *passim*]. On November 27, 2013, Defendant moved to dismiss Plaintiffs' complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Docs. 4-6]. Subsequently, on December 13, 2013, Plaintiffs moved to remand the case to state court for lack of federal jurisdiction. [Doc. 9].

## II.  MOTION TO REMAND

In its *Notice of Removal*, Defendant alleges that this Court has subject-matter jurisdiction based on diversity of the parties. [Doc. 1]. Specifically, Defendant avers that it is a citizen of Pennsylvania, while Plaintiffs are both citizens of Texas, and that the amount in controversy -- the value of the real property the object of the litigation -- exceeds $75,000. [Doc. 1 at 2]. Plaintiffs do not contest these assertions in their motion to remand; they only argue that this Court lacks subject-matter jurisdiction over their claim because the state district court has already exercised jurisdiction over them. [Doc. 9 at 1-2]. Plaintiffs' arguments are unsupported.

Under 28 U.S.C. § 1446, a defendant may remove a civil action from state court to federal court if the action originally could have been brought in federal court. 28 U.S.C. §§ 1441(a), (b). A federal district court has original jurisdiction of an action between citizens of different states when the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1). Thus, a state case involving opposing parties from different states is removable to federal court. 28 U.S.C. § 1441. The removing party bears the burden of establishing the facts necessary to

show that federal jurisdiction exists. *St. Paul Reinsurance Co. Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998). A plaintiff may move to remand an action on the basis of any defect in the removal procedure within 30 days of removal, or at any time on the basis of a lack of subject-matter jurisdiction. 28 U.S.C. § 1447(c). Removal statutes are strictly construed in favor of remand and against removal. *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).

Here, the facts establishing federal diversity jurisdiction -- that the parties' citizenship is completely diverse and the matter in controversy is more than $75,000 -- are not contested. Thus, this case is removable, and Plaintiffs' motion to remand should be **DENIED**.

### III.  MOTION TO DISMISS

Defendant contends, *inter alia*, that Plaintiffs' claims are subject to dismissal because they have failed to sufficiently state a claim for fraud and their fraud claims are barred by statute of limitations. [Doc, 5 at 4-5]. In response to Defendant's motions to dismiss, Plaintiffs basically argue that this Court lacks jurisdiction to grant the motion and the case should be remanded to state court. [Doc. 8 at 3-4].

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). To overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery … or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). Moreover, the complaint should not simply contain conclusory allegations,

but must be pled with a certain level of factual specificity. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–379 (5th Cir. 2002); *Kansa Reinsurance v. Congressional Mortg. Corp.*, 20 F.3d 1362, 1366–70 (5th Cir.1994)).

Fraud Claims

Plaintiffs' fraud claims arise from their grant of the Deed of Trust to Defendant (or Defendant's predecessor in interest) to secure the mortgage loan and note; specifically, Plaintiffs contend that Defendant did not loan Plaintiffs its own money as promised. [Doc. 1-1 at 3-5]. Plaintiffs claim that they were fraudulently induced to complete the loan transaction by Defendant's misstatements and misrepresentation regarding the source of the money to be lent. *Id*. They also aver that the Property was conveyed to them via a Warranty Deed executed on July 30, 2003, and filed August 7, 2003; and that their Deed of Trust to Defendant was also filed on August 7, 2003. *Id*. at 3; s*ee also* Doc. 6 at 3-27 (copies of the Note and Deed of Trust both executed on July 30, 2003).[1]

Under Texas law, claims for fraud must be brought within four years. TEX. CIV. PRAC. & REM. & CODE § 16.004(a)(4). Moreover, fraud claims accrue from the date of the allegedly fraudulent activity or the date the facts giving rise to the fraud could have reasonably been discovered. *Kansa Reinsurance*, 20 F.3d at 1362; *see also Levels v. Merlino*, --- F.Supp.2d ---, 2013 WL 4733993 at *11 (N.D.Tex. Sept. 3, 2013) (Lynn, J.) (where plaintiffs claim defendant's

---

[1] *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in plaintiff's complaint and are central to plaintiff's claim).

fraudulent statement induced them to enter into modification of note and deed of trust, "at the latest," the four-year limitations began to run when the documents were executed).

Here, based on the allegations in the *Verified Complaint*, the fraudulent inducement and misrepresentation occurred on July 30, 2003, at the latest, when the mortgage loan was made and Plaintiffs executed the Deed of Trust.  Thus, the period for filing fraud claims related to that transaction expired on July 30, 2007.  Furthermore, there are no grounds to either delay the accrual of or toll the statute of limitations; Plaintiffs have alleged no facts that would suggest that the alleged fraud was concealed.

Accordingly, this case, filed more than six years outside the applicable period, is barred by limitations.  Plaintiff's fraud claims should be dismissed.[2]

Quiet Title

To prevail on a suit to quiet title, a plaintiff must show that (1) he has an interest in a specific property; (2) title to the property is affected by a claim from the defendant; and (3) the defendant's claim, although facially valid, is invalid or unenforceable.  *Sadler v. Duvall*, 815 S.W.2d 285, 293 n.2 (Tex. App. --Texarkana 1991).  Moreover, as is most important to the issue here, the plaintiff in a quiet title action must recover on the strength of his own title, not on the weakness of the defendant's title.  *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.–Corpus Christi 2001).  In support of their quiet title claim, Plaintiffs contend that, due to the alleged fraudulent inducement and misrepresentation, the Note and Deed of Trust are void. [Doc. 1-1 at 6-7].  They attempt to demonstrate the strength of their title by relying on the Warranty Deed they acquired from the prior owner and recorded with the clerk of court during the very same

---

[2]  Because Plaintiffs' claims are clearly barred by statute of limitations, the Court does not reach Defendant's argument that said claims also fail to "state with particularity the circumstances constituting fraud or mistake" as required by Rule 9.  FED. R. CIV. P. 9(b).

purchase transaction giving rise to their claims.  [Doc. 1-1 at 6].  However, as discussed in the prior section, Plaintiff has not and cannot demonstrate that Defendant's claim is invalid or unenforceable based on the alleged fraud, and they have not asserted any other facts from which the Court can so conclude.

Even if Plaintiffs' allegations of fraudulent misrepresentation are deemed sufficiently pled and accepted as true, they do not state a claim for relief.  To prevail on a fraudulent misrepresentation claim, a plaintiff must prove (1) the defendant made a false, material representation; (2) the defendant has knowledge that the representation was false or recklessly asserted the representation without knowledge of its truth; (3) the defendant made the representation with intent to induce action of the plaintiff; and (4) the plaintiff detrimentally relied upon the representation and thereby suffered injury.  *Ernst & Young, LLP v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001).  Here, Plaintiffs have not and cannot establish that the alleged misrepresentation of the source of the loan funds was material or that they suffered any injury as a result.  Consequently, they cannot show that Defendant's claim on the Property is invalid or unenforceable based on the alleged misrepresentation of the loan source.  Plaintiffs' quiet title claims should likewise be dismissed.

<u>Leave to Amend Is Not Required</u>

Ordinarily, Plaintiffs should be granted leave to amend their complaint prior to dismissal. *See Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) ("[A] *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.").  Here, however, Plaintiff's claims all stem from Defendant's alleged fraud at the time of the loan closing, a claim that is fatally infirm. Thus, the Court concludes that granting leave to amend would be futile and cause needless delay.

## IV.  CONCLUSION

For the reasons stated above, it is recommended that *Plaintiff's Objection to Defendants Notice of Removal and Motion to Remand* [Doc. 9] be **DENIED**, *Defendant's Motion to Dismiss* [Doc. 4] be **GRANTED**, and this case be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on January 31, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE