IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WALTER NEWELL RANSOM and GALE ELIZABETH RANSOM,<br><br>    Plaintiffs,<br><br>v.<br><br>NATIONAL CITY MORTGAGE CO. d/b/a Commonwealth United Mortgage Company,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ Civil Action No. **3:13-CV-4642-L** |

## ORDER

Before the court are Defendant National City Mortgage Co.'s ("Defendant") Motion to Dismiss (Doc. 4), filed November 27, 2013, and Plaintiffs Walter Newell Ransom and Gale Elizabeth Ransom's ("Plaintiffs") Objection to Defendant's Notice of Removal and Motion to Remand (Doc. 9), filed December 13, 2013. The case was referred to Magistrate Judge Renee Harris Toliver, who entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") on January 31, 2014, recommending that Plaintiffs' Motion to Remand be denied and Defendant's Motion to Dismiss be granted. Plaintiffs filed multiple objections on February 14, 2014.

First, Plaintiffs object to the magistrate judge's authority in this case. Plaintiffs argue that they did not agree to the appointment of a United States Magistrate Judge. Pursuant to 28 U.S.C. § 636(b)(1)(B), "a judge may . . . designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in

subparagraph (A) . . . ." *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Plaintiffs' objection is therefore **overruled**.

Second, Plaintiffs object to the magistrate judge's recommendation to deny their motion to remand based on diversity jurisdiction. The magistrate judge noted that Plaintiffs had not contested that the parties' citizenship is completely diverse and the matter in controversy is more than $75,000. In their objections, however, Plaintiffs argue that Commonwealth United Mortgage Company was a company that resided at one time in the State of Texas and was connected to other partners of Texas companies. Plaintiffs also argue that Defendant entered into the record an alleged copy of a filing record from the State of Pennsylvania but that there is no legal assignment in the county record as proof that the lender ever assigned the note. This is the first time that Plaintiffs have made these arguments. Generally, arguments that could have been raised before the magistrate judge are waived if they are raised for the first time in objections before the district court. *See Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994); *see also Hull v. Ocwen Loan Servicing, LLC*, 2013 WL 3089050, at *1 (N.D. Tex. June 19, 2013). Additionally, while Plaintiffs provide a Texas Secretary of State File Number showing that Commonwealth United Mortgage Company had a street address in Texas at one time, there is no proof demonstrating that Defendant currently has an office in Texas. Furthermore, as Defendants point out, the present party in interest is PNC Bank, N.A., which became the party in interest through a series of mergers and acquisitions. PNC Bank, N.A., is a Pennsylvania resident. Finally, "the presence of an in-state defendant is a procedural defect that is waived unless raised within thirty days of removal." *Denman by Denman v. Snapper Div.*, 131 F.3d 546, 548 (5th Cir. 1998). Even though Plaintiffs filed a response to Defendant's Motion to Dismiss and a Motion

to Remand within 30 days, neither filing raised the issue of an in-state defendant's presence. For these reasons, Plaintiffs' objection is **overruled**.

Third, Plaintiffs object "to the legal standard for motion to dismiss" and also to the "dismissal of Plaintiff's claims regarding fraudulent misrepresentation." The court **overrules** these objections. The magistrate judge correctly analyzed Defendant's Motion to Dismiss. The court agrees with the magistrate judge that Plaintiffs' claim of fraudulent misrepresentation is barred by the statute of limitations. Plaintiffs argue that more discovery could have helped provide additional factual evidence, but the court disagrees. No amount of additional evidence could have impacted the barring by the statute of limitations, especially given that Plaintiff never alleged any facts that suggested that the alleged fraud was concealed. Plaintiff also argues that a motion to dismiss should not be granted because the beneficiary of the deed of trust may not enforce the deed since it is neither the owner nor holder of the underlying note; however, a mortgagee does not need to be the actual holder of the underlying note to enforce the security interest in the property.

Fourth, Plaintiffs object to the dismissal of their "claims regarding petition to quiet title." Plaintiffs argue that while Defendant "asserts an interest in the land by virtue of being the beneficiary under a deed of trust, and that although the deed of trust appears valid on its face it is in fact unenforceable and therefore void." Pls.' Objection to Findings, Conclusions, and Recommendation of United States Magistrate Judge 10. The court agrees with the magistrate judge that Plaintiff has not and cannot demonstrate that Defendant's claim is invalid or unenforceable based on the alleged fraud, especially since the court has determined that the fraud claim is barred by statute of limitations. The court also agrees with the magistrate judge that Plaintiffs have not and cannot

demonstrate that the alleged misrepresentation of the source of loan funds was material or that Plaintiffs suffered an injury as a result. Therefore, the objection is **overruled**.

Having reviewed the motions, pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court **accepts** the magistrate judge's findings and conclusions as those of the court. Accordingly, the court **overrules** Plaintiffs' objections; **denies** Plaintiffs' Motion to Remand (Doc. 9); and **grants** Defendant's Motion to Dismiss (Doc. 4).

**It is so ordered** this 25th day of February, 2014.

  Sam A. Lindsay
  United States District Judge